Battle, J.
 

 The exception to the charge of his Honor in the Court below, is certainly without foundation. The instruction given to the jury, upon the effect of the testimony, was clear, explicit, and in accordance with repeated adjudications of this Court. See
 
 Jarman
 
 v.
 
 Humphrey,
 
 decided at the present term, ante 28, and the cases therein referred to.
 

 The objection to the bill of sale for the plaintiff, offered by the defendant, to show that he had been regarded and treated as a slave, was properly sustained by the Court. The plaintiff had put his claim to freedom, upon the ground, that he was born free, and to prove that fact, he had offered testimony to show, that his mother and his maternal grand-mother had, for upwards of thirty years prior to his birth, “ been known, recognised and admitted to be free persons of color, and had been generally reputed to be, and had passed and acted as such.’’ If, then, the freedom of the plaintiff’s mother were established at the time of his birth, the bill of sale for him, could not have the effect to prove him to be a slave, and on the contrary, if the mother was not free, it was not insist
 
 *159
 
 ed that the plaintiff could he so, and the hill of sale was totally immaterial; so that, in either event, it was irrelevant, and, therefore, properly excluded.
 

 ¥e regret that we cannot say the same of the attachment against McKim, which was issued in 1809, and levied by the sheriff of Carteret county, upon the plaintiff’s grand-mother, which was offered by the defendant to show, that she was then regarded and treated as a slave. This evidence was offered, in connection with other circumstances, in reply to the testimony of the plaintiff, as to the reputation and treatment of his mother and grand-mother as free persons of color, and was relied upon by the defendant to rebut the presumption arising therefrom. It was an act done in the course of a judicial proceeding, within less than thirty years before the plaintiff’s birth, tending to show that his grand-mother was not, at' that time, regarded as a free person. It was not at all conclusive of that fact, and of itself, may have been very slight evidence of it, but it was a circumstance proper to be considered by the jury, in connection with other circumstances, tending to throw light upon the question then before them; and it was error in the Judge to withhold it from them. The judgment must be reversed, and
 
 a venire de novo.
 

 PeR CuRiAM, Judgment reversed.